IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 JUL 15 P 2: 42

| | |
|---|---|
| DONALD BELL; KATRINA BELL;   ) | |
| )  | |
| Plaintiff(s),   ) | |
| ) | |
| vs.   ) | CIVIL ACTION NO. 2:05CV658-M |
| ) | |
| TRAVELERS PROPERTY CASUALTY   ) | |
| INSURANCE COMPANY; ET AL.;   ) | |
| ) | |
| Defendant(s).   ) | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Comes now Defendant The Standard Fire Insurance Company, incorrectly identified as Travelers Property Casualty Company, ("Standard Fire") and files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama (CV-05-1582) to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

The above-entitled action was commenced in the Circuit Court of Montgomery County, State of Alabama, on June 24, 2005, and is now pending therein. A copy of the Plaintiffs' complaint is attached hereto as Exhibit "A." Defendant Standard Fire was served with the Complaint on June 30, 2005. The removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446(a).

II.

Copies of all process, pleadings and orders served on or by Defendant Standard Fire in said

action are attached hereto as Exhibit "A."

III.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of the diversity of citizenship, pursuant to 28 U.S.C. Section 1332.

IV.

The Plaintiffs, Donald Bell and Katrina Bell, at the time of this action, and since that time, are residents of the State of Alabama.

VI.

Defendant Standard Fire, at the time of the commencement of this action, and since that time, was and is now a corporation organized and existing under the laws of the State of Connecticut and was not at the time of the commencement of this action, nor at any time, a citizen or resident of the State of Alabama.

VII.

Defendant Standard Fire and the Plaintiffs are citizens of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

VIII.

The matter in dispute in the Plaintiffs' Complaint exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs. In their Complaint, the Plaintiffs set forth claims of breach of contract and bad faith against Defendant Standard Fire. Although the Plaintiffs do not specifically allege the amount of damages, the Plaintiffs' Complaint does not limit their demand for recovery. Rather, the Plaintiffs specifically demand compensatory damages for their claims of breach of contract against Defendant Standard Fire in an amount to be determined

by a jury. The Plaintiffs breach of contract claims are based upon a homeowners' insurance policy issued by Defendant Standard Fire, with policy limits in excess of $75,000. (*See* Exhibit "B," declarations page from Homeowners' Policy).

Moreover, the Plaintiffs separately and specifically demand compensatory and punitive damages related to the alleged bad faith of Standard Fire. A federal court sitting in diversity applies state substantive law. *Allison v. Vintage Sports Plaques,* 136 F.3d 1443, 1445 (11th Cir. 1998) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938)). Therefore, the substantive law of the State of Alabama will apply in this case. The Alabama appellate courts have upheld awards in excess of $75,000 in breach-of-contract and bad-faith actions. *See United Services Auto. Assn. v. Hobbs*, 858 So. 2d 966 (Ala. Civ. App. 2003)(plaintiff alleged breach-of-contract and bad-faith claims against insurer and Alabama Court of Civil Appeals affirmed jury award of $80,000); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001)(plaintiff alleged breach-of-contract and bad-faith claims against insurer and Alabama Supreme Court affirmed compensatory damage award of $270,000); *Life Ins. Co. of Georgia v. Johnson*, 701 So. 2d 524, 526 (Ala. 1997)(plaintiff alleged fraud and suppression against insurer and Alabama Supreme Court remitted punitive damages award to $3,000,000). Based on the allegations in the Complaint, the Plaintiffs seek damages in excess of the jurisdictional limit of this Court.

WHEREFORE PREMISES CONSIDERED, the Petitioner, The Standard Fire Insurance Company, prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referred action from the Circuit Court of Montgomery County, Alabama to this Court.

Respectfully submitted,

_____
Bracen G. Ely, 0366-E54B
Joel S. Isenberg, 8855-B76J
Attorneys for Defendant The Standard Fire
Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|        |                    |
|--------|--------------------|
| _____ | Hand Delivery      |
| __X__  | U. S. Mail         |
| _____ | Overnight Delivery |
| _____ | Facsimile          |
| _____ | E-File             |

on this the 15th day of July, 2005.

_____
OF COUNSEL

cc:

Christopher E. Sanspree
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.