IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD BELL; KATRINA BELL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05 CV 658-M |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| INSURANCE COMPANY; ET AL., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ANSWER TO COMPLAINT

Comes now Defendant The Standard Fire Insurance Company, incorrectly identified as Travelers Property Casualty Insurance Company, ("Standard Fire") and in answer to the plaintiff's complaint states as follows:

## STATEMENT OF THE PARTIES

1.      Defendant Standard Fire is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2.      Defendant Standard Fire is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3.      Defendant Standard Fire admits that it is a foreign corporation doing business in the State of Alabama. Defendant Standard Fire denies the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint and demands strict proof thereof.

4.      Defendant Standard Fire is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Plaintiffs' Complaint and therefore denies these allegations and demands strict proof thereof.

## STATEMENT OF THE FACTS

5.     Defendant Standard Fire admits that the named plaintiffs had in effect a policy of property insurance which provided coverage for the plaintiff's home.

6.     Defendant Standard Fire admits that it was contacted by the plaintiff on or about September 16, 2004 regarding damage to the plaintiff's home as a result of Hurricane Ivan.  As to the remaining material allegations contained in this paragraph, the defendant denies them and demands strict proof thereof.

## COUNT I

7.     Defendant Standard Fire reasserts its responses to Paragraphs 1 - 6 as if set out in full herein.

8.     Defendant Standard Fire admits that, under the contract of insurance, the Plaintiff is owed benefits for losses covered under the specific terms of the policy.  As to the other allegations contained in paragraph 8, the defendant denies them.

9.     Defendant Standard Fire denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.     Defendant Standard Fire denies the allegations contained in Paragraph 10 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II

11.     Defendant Standard Fire reasserts its responses to Paragraphs 1 - 10 as if set out in full herein.

12.     Defendant Standard Fire asserts that there are no factual allegations in this paragraph

2

to either admit or deny.

13.    Defendant Standard Fire denies the allegations contained in Paragraph 13 of the Plaintiffs' Complaint and demands strict proof thereof.

14.    Defendant Standard Fire denies the allegations contained in Paragraph 14 of the Plaintiffs' Complaint and demands strict proof thereof.

<u>COUNT THREE</u>

15.    Defendant Standard Fire reasserts its responses to Paragraphs 1 - 14 as if set out in full herein.

16.    Defendant Standard Fire denies the allegations contained in Paragraph 16 of the Plaintiffs' Complaint and demands strict proof thereof.

17.    Defendant Standard Fire denies the allegations contained in Paragraph 17 of the Plaintiffs' Complaint and demands strict proof thereof

<u>FIRST DEFENSE</u>

The complaint fails to state a cause of action against this defendant upon which relief may be granted.

<u>SECOND DEFENSE</u>

Service of process on this Defendant was improper and invalid.

<u>THIRD DEFENSE</u>

This Defendant denies each and every material allegation of the complaint, and demands strict proof thereof.

## FOURTH DEFENSE

This Defendant denies that it has breached any contract with the Plaintiffs.

## FIFTH DEFENSE

This Defendant contests the amount of damages sought, and demands strict proof thereof.

## SIXTH DEFENSE

This Defendant asserts the affirmative defense of estoppel.

## SEVENTH DEFENSE

There is no causal connection between the allegations against this Defendant and the injuries and damages alleged in the Plaintiffs' Complaint.

## EIGHTH DEFENSE

This Defendant specifically denies that it is liable to the Plaintiffs for compensatory or punitive damages, and demands strict proof thereof.

## NINTH DEFENSE

This Defendant asserts the affirmative defense of laches.

## TENTH DEFENSE

As to each and every material allegations of the Plaintiffs' Complaint, this Defendant pleads not guilty.

## ELEVENTH DEFENSE

This Defendant asserts the affirmative defense of waiver.

## TWELFTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of res

4

judicata.

## THIRTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

.    This Defendant asserts that the Plaintiffs are not entitled to the damages alleged in the complaint as they breached her duty under the law to mitigate any damages suffered.

## FIFTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of failure of consideration.

## SIXTEENTH DEFENSE

This Defendant asserts that the Plaintiffs' cause of action is barred by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

The Plaintiffs have failed to meet the conditions precedent under the policy and/or the losses are excluded under the policy.

## EIGHTEENTH DEFENSE

On the occasion made the basis of the Plaintiffs' Complaint, the acts and activities of a third party were an intervening efficient cause between any acts and activities done by this Defendant, and the acts and activities of said third party were the sole and proximate cause of the alleged injuries and damages or, in the alternative, the acts and activities of said third party combined and concurred with the acts and activities of the Plaintiffs to cause and contribute to the alleged injuries

5

and damages.

## NINETEENTH DEFENSE

Any punitive damage award is impermissible under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

## TWENTIETH DEFENSE

A lack of sufficient standards governing punitive damages awards in Alabama violates the due process clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

There should be no recovery of punitive damages against defendant because such a recovery would violate, jointly and individually:

(a)     Amendment Eight of the Constitution of the United States.

(b)     Amendment Fourteen of the Constitution of the United States.

(c)     The Fifth Amendment of the Constitution of the United States.

(d)     The Tenth Amendment of the Constitution of the United States.

(e)     Article One, § Fifteen of the Constitution of Alabama of 1901.

(f)     Article One, § Seven of the Constitution of Alabama of 1901.

## TWENTY-SECOND DEFENSE

Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty, and property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate governmental interests.

## TWENTY-THIRD DEFENSE

The Plaintiffs' Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates defendant's right to protection from "excessive fines" as provided in Article I, Section 15 of the Constitution of the State of Alabama, and violates defendant's right to substantive due process as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTY-FIFTH DEFENSE

This Defendant avers that the complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiffs.

## TWENTY-SIXTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the

7

United States of America.

## TWENTY-EIGHTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-NINTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTIETH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently this defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## THIRTY-FIRST DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## THIRTY-SECOND DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## THIRTY-THIRD DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against defendants that are penal in nature by requiring a burden of proof on plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## THIRTY-FOURTH DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in § 27-1-17, <u>Code of Alabama</u>, 1975, as amended.

## THIRTY-FIFTH DEFENSE

Any demand for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution in that the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum civil or criminal fine for the same or similar conduct.

## THIRTY-SIXTH DEFENSE

This Defendant asserts that § 6-11-21, Ala. Code 1975, applies to this action to limit any award of punitive damages.

## THIRTY-SEVENTH DEFENSE

Imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award or the amount of such damages; therefore, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution separately and severally.


Respectfully submitted,


s/Brenen G. Ely_____
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance
Company


OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

10

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand-delivery to office |
| _____ | Personally |
| _____ | U. S. Mail |
| _____ | Federal Express |
| _____ | Facsimile |
| __X___ | E-file |

on this the 21st day of July, 2005.

s/ Brenen G. Ely
OF COUNSEL

cc:

Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

11