## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD BELL; KATRINA BELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05 CV 658-T |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

Comes now Defendant The Standard Fire Insurance Company ("Standard Fire"), and respectfully moves this Honorable Court to compel the Plaintiffs to serve complete, signed responses to Standard Fire's First Interrogatories. As grounds for this motion, Standard Fire sets forth and states as follows:

1.      Standard Fire served its First Interrogatories and First Request for Production to Plaintiffs on or about October 4, 2005. (Copies of which are attached as Exhibits "A" and "B").

2.      The deadline for the Plaintiffs to serve any responses or objections to the First Interrogatories and First Requests for Production was November 7, 2005. *See* Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 34(b) (providing that written responses must be served within thirty days of the requests). The Plaintiffs failed to serve either objections or responses by that date. Accordingly, any objections that the Plaintiffs had to Standard Fire's discovery were waived.

3.      By letter dated December 9, 2005, counsel for Standard Fire wrote to counsel for the Plaintiffs noting that not only were the Plaintiffs' discovery responses overdue, but the Plaintiffs had also failed to serve Rule 26 initial disclosures on Standard Fire as required by the Federal Rules of

Civil Procedure and this Court's Scheduling Order. (A copy of the December 9, 2005 letter is attached as Exhibit "C").

4.      On December 12, 2005, the Plaintiffs erroneously filed with this Court a notice of service of discovery documents, showing service of the Plaintiffs' initial disclosures and responses to Standard Fire's First Interrogatories and Requests for Production.   However, contrary to the Plaintiffs' assertions in its notice of filing with this Court, no documents were served on Standard Fire.

5.      Accordingly, on December 20, 2005, counsel for Standard Fire wrote to counsel for the Plaintiffs noting that, despite the filing of the notice of service, Standard Fire had not received either the Plaintiffs' initial disclosures or responses to Standard Fire's discovery requests. (A copy of the December 20, 2005 letter is attached as Exhibit "D").

6.      In response, the Plaintiffs finally served on Standard Fire its initial disclosures and its purported responses to Standard Fire's First Interrogatories and Requests for Production. (Copies of the responses to the First Interrogatories and Requests for Production are attached as Exhibits "E"and "F").[1]

7.      The Plaintiffs' responses, however, were not only incomplete, but they were also unsigned in violation of Federal Rule of Civil Procedure 33.  See Fed. R. Civ. P. 33(b)(2) ("The answers are to be signed by the person making them, . . ..").

8.      Specifically, Interrogatory Number 13 requests:

13.     Please identify with specificity the policy provisions of the Standard Fire policy upon which you base the claims set forth in your

---

[1]Although these documents are dated December 12, 2005, they were not received by Standard Fire's counsel until after the December 20, 2005 letter.

complaint.

In response to Interrogatory 13, the Plaintiffs simply refer to their Complaint. However, this is an

insurance coverage case, and the Complaint does not include the policy provisions upon which the

Plaintiffs base their claim, and a simple reference to the Complaint is non-responsive.

9.    In addition, Interrogatory Number 14 requests:

> 14.    Please identify and describe in detail each and every
> communication that you, or your attorney or other representative,
> have had with any person regarding calculations of any costs,
> including, but not limited to, the costs of repair, cleaning, loss of use,
> dwelling costs, or other costs resulting from the incidents made the
> basis of this lawsuit.

In response to Interrogatory 13, the Plaintiffs state that "[t]he cost continue to grow each day." This

answer is non-responsive to the specific question posed to the Plaintiffs, and Standard Fire requests

that the Plaintiffs be compelled to provide a substantive answer to Interrogatory 14.

10.    Moreover, the Plaintiffs unilaterally refused to respond to Interrogatories 15 through

25, claiming that the exceed the number set forth within the Court's Scheduling Order. The

Plaintiffs, however, cannot maintain these objections and cannot refuse to respond to Interrogatories

15 through 25 must fail. This Court's Scheduling Order does not contains a specific number of

permissible interrogatories.[2] Moreover, any objections that the Plaintiffs may have had on this or

any other ground have been waived by them. *See supra* paragraph 2.

4.    Despite good faith efforts by counsel for Standard Fire to resolve this matter without

court involvement, the Plaintiffs have failed to respond to said discovery. (*See* Exhibits "C" and

---

[2]    In addition, the Plaintiffs, along with Standard Fire, jointly proposed 40 interrogatories
in their Report of Parties Planning Meeting,. Moreover, the Federal Rules of Civil Procedure
permit, at a minimum, twenty-five interrogatories, which is the number propounded by Standard
Fire. *See* Fed. R. Civ. P. 33(a).

"D"; *see also* Exhibit "G", copy of January 6, 2006 letter from Standard Fire's counsel to the Plaintiffs' counsel).[3]

5.      The dispositive motions deadline in this case is set for February 14, 2006. In order to properly defend itself in this litigation, Standard Fire must have the complete, signed responses to its discovery requests that the Plaintiffs have refused to provide.

WHEREFORE, PREMISES CONSIDERED, Standard Fire respectfully requests that this Honorable Court enter an Order noting that the time for objections has passed and requiring the Plaintiffs to serve signed, complete responses to Standard Fire's First Interrogatories in sufficient time prior to the February 14, 2006 dispositive motion deadline.

Respectfully submitted,

s/Joel S. Isenberg
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

---

[3]In addition, counsel for Standard Fire telephoned counsel for the Plaintiffs yesterday to discuss the filing of this motion to compel. Counsel for the Plaintiffs was unavailable, but the undersigned spoke with the paralegal for the Plaintiffs' counsel and explained that this motion to compel would be filed because of the Plaintiffs' failure to respond by the deadline set forth in the January 6, 2006 letter. Counsel for Standard Fire invited a response from counsel for the Plaintiffs, but there has been no response.

4

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| __X__ | E-file |

on this the 27th day of January, 2006.

s/Joel S. Isenberg
OF COUNSEL

cc:

Jere L. Beasley
W. Daniel Miles, III
Christopher Sanspree
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 35103-4160

5