# Exhibit "B"

Case 2:05-cv-00658-MHT-VPM    Document 14-3    Filed 01/27/2006    Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD BELL; KATRINA BELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05 CV 658-M |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

**COMES NOW** Defendant The Standard Fire Insurance Company, incorrectly identified in the Plaintiffs' complaint as Travelers Property Casualty Insurance Company, ("Standard Fire") and, pursuant to Federal Rule of Civil Procedure 34, propounds the following requests for production to the Plaintiffs, Donald Bell and Katrina Bell. As used in these requests for production of documents, the following definitions apply:

### DEFINITIONS

As used in these requests for production, the following definitions apply:

1. As used herein, the term "document" means, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement

of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; electronic mail; any of the above maintained or transmitted electronically or by computer; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

2. As used herein, the term "oral communications" means any words heard or spoken, including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

3. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations and associations of business entities.

4. As used herein, the terms "you" and "your" refer to Plaintiffs, Donald Bell and Katrina Bell, and your agents, or any person acting or purporting to act on your behalf, now, or in the past, including but not limited to, your attorneys and any expert employed on your behalf for the purpose of this litigation.

5. As used herein, the term "identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, and title or occupation.

6. As used herein, the term "identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure.

More particularly, the term "identify" when used with reference to a document includes:

    a. date the document bears, or if none, the date it was written;

    b. name and address of each person who wrote it or participated in the writing of it;

    c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

    d. name and address of each person who received a copy of the document;

    e. description of the document, as for instance, a letter or memorandum;

    f. its present location or custodian of each copy or, if unknown, its last known location or custodian;

    g. if any document is no longer in the plaintiff's possession or subject to the plaintiff's control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession or control was relinquished by the plaintiff.

7. As used herein, the term "identify," when used with reference to an oral communication, means to provide the following information:

    a. persons participating in such oral communication;

    b. date, manner (e.g., telephone) and place at which persons participating in or hearing the oral communication were located;

    c. a description of the circumstances surrounding the communications,

        as, for instance, meeting, speech or conversation;

    d.     name of each person who was present, in addition to the participants; and

    e.     substance of the oral communication.

8.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

9.     As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

10.     As used herein, the term "person" includes any natural person, firm, association, organization, partnership, business trust, corporation, and governmental entity.

11.     As used herein, the phrase "incidents made the basis of this lawsuit" refers to those claims for recovery set forth by the plaintiff in its Complaints.

12.     As used herein, the term "communication" refers to any and all communications, either written or oral, regardless of the medium or context of the communication.

13.     As used herein, the term "expert" refers to anyone that you have employed, are planning to employ, or may potentially employ as a witness or to assist in the preparation of this litigation or of the trial of this claim, including, but not limited to, engineers, scientists, physicians, technical experts, or anyone that may be used as a witness who will not testify as an eyewitness in some capacity.

Please produce for inspection and copying at the offices of SMITH & ELY, LLP, 2000A SouthBridge Parkway, Suite 405, Birmingham, Alabama 35209, within the time required under Rule 34 of the Federal Rules of Civil Procedure, the following documents and permit Defendant Standard Fire or its attorneys to inspect and copy any and all of the same:

4

## REQUEST FOR PRODUCTION

1. Each and every document that relates to any conversation or communication that you have had with Standard Fire, any independent adjuster, or any of Standard Fire's agents or representatives that relates to the incidents made the basis of this lawsuit.

2. Each and every document containing statements made by Defendant Standard Fire or any person that relate to the incidents made the basis of this lawsuit.

3. In paragraph 5 of your complaint, you state that your "home and contents sustained major damage due to Hurricane Ivan." Please produce each and every document that references or reflects the alleged damage to your home and contents.

4. Please produce an itemization of, and each and every document that references or reflects, the areas of your home that you allege sustained damage and the items of contents that you allege sustained damage as a result of Hurricane Ivan.

5. Please produce an itemization of, and each and every document that references or reflects, the specific repairs to your home and/or contents that you allege Defendant Standard Fire did not properly make.

6. Please produce each and every document that references or reflect the existence and/or origins of any alleged "toxic mold, fungus and mildew" in your home as a result of the incidents made the basis of this lawsuit.

7. Please produce each and every document that references or reflects any testing, inspection, or remediation of your home for toxic mold, fungus, or mildew, including, but not limited to, any and all reports and invoices from any engineering, testing, or remediation companies.

8. Please produce each and every document that references or reflects any and all rental

and other expenses that you allege to have incurred as a result of Defendant Standard Fire's alleged breach of its obligations to you.

9. Please produce each and every document that supports your contention that Defendant Standard Fire "failed and/or refused to pay" for covered damages and losses.

10. Please produce each and every document that supports your contention in your complaint that Defendant Standard Fire "breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder," including, but not limited to, the specific provisions of the Standard Fire insurance policy that you claim were breached.

11. Please produce each and every document that supports your contention that Defendant Standard Fire "intentionally, and in bad faith, failed to fully investigate Plaintiffs' claim."

12. Please produce each and every document, including, but not limited to, any notes, emails, correspondence, or memoranda, reflecting or relating to the incidents made the basis of this lawsuit.

13. Please produce each and every document, including, but not limited to, copies of health-care provider invoices, pharmacy receipts, or other documentation that supports your claim for emotional and mental distress injuries and/or medical diagnosis and/or allergic reactions sustained by any of you, as a result of the incidents made the basis of this lawsuit.

14. Please produce each and every document that reflects or relates to any damages you claim in this lawsuit, including, but not limited to, economic damages, damages to your home and contents, damages for loss of use, and damages for mental anguish and/or emotional distress.

15. Please produce each and every policy of insurance issued to you by Standard Fire, including the specific policy provisions upon which you base the claims set forth in your complaint.

16. Please produce each and every document that reflects or relates to any conversation or communication that you, or your attorney or other representative, have had with any person regarding the value of the house made the basis of this lawsuit either before or after Hurricane Ivan.

17. For each and every expert identified in response to Standard Fire's interrogatories, please produce each and every document furnished to the expert for his or her study, examination and review; any and all reports of any such expert(s) that have been furnished to you, your attorney, or other representatives; and each and every document, correspondence, or other materials given to the expert for any purpose by the you, your counsel, agents, and/or servants.

18. Please produce each and every state and federal income tax return filed on your behalf five years prior to the incident made the basis of this lawsuit and each state and federal income tax return filed on your behalf since the incidents made the basis of this lawsuit.

19. Please produce each and every document that you intend to offer or to potentially offer at the trial of this case.

20. Please produce each and every document used or referred to in the answering of interrogatories propounded by Standard Fire.

21. Please produce each and every document that relates to or concerns any claim that you have filed with any insurance company in the past five years.

22. Please produce copies of any and all insurance policies issued to you in the past five years.

23. Please produce each and every document or other tangible item that you have received from Standard Fire.

24. Please produce each and every photograph or videotape taken to substantiate your

claims in this lawsuit.

25.  Please produce each and every written estimate, contract, bill, invoice, statement, or receipt prepared in connection with the incidents made the basis of this lawsuit, including, but not limited to, the cost of repairs to the roof of the dwelling, costs of the repair from water, mold, or fungi damage, cleaning costs, medical bills, pharmacy receipts, or any other document referencing bills or damages.

These Requests for Production shall be deemed continuing so as to require supplemental responses if you or your attorney obtain any further information between the time your responses are served and the time of trial.

_____
Brenen G. Ely (ELY004)
Joel S. Isenberg (ISE001)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:

SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|   |   |
|---|---|
| _____ | Hand Delivery |
| __x__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |

on this the 4th day of October, 2005.

_____
OF COUNSEL

cc:

Jere L. Beasley
W. Daniel Miles, III
Christopher Sanspree
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 35103-4160

9