# Exhibit "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD BELL; KATRINA BELL, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 2:05-cv-658-M |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, | * |
| Defendants, | * |

## PLAINTIFFS RESPONSE TO DEFENDANTS FIRST INTERROGATORIES

COMES NOW, the Plaintiffs, Donald and Katrina Bell, and hereby responds to Defendant Standard Fire Insurance Company's Interrogatories to Plaintiffs as follows:

1. Please state your full names, addresses, dates of birth, and social security numbers.

**RESPONSE:** Donald George Bell              Katrina McKinley Bell
9030 County Road 59                           9030 County Road 59
Furman, Alabama 36741                         Furman, Alabama 36741
DOB: 9-10-1957                                DOB: 8-9-1972
SSN: 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                              SSN: 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

2. Please identify and describe in detail each and every communication you have had with Standard Fire, any independent adjuster, or any of Standard Fire's agents or representatives that related to the incidents made the basis of this lawsuit.

**RESPONSE: Please see attached timeline.**

3. In paragraph 5 of your complaint, you state that you " home and contents sustained major damage due to Hurricane Ivan." Please identify with specificity the damage you allege was caused to your home and contents by Hurricane Ivan, and please identify with specificity each item of contents that you allege was damaged.

**RESPONSE: Please see documents in response to request for production.**

1

4. In paragraph 5 of your complaint, you state that, after Hurricane Ivan, you "followed the provided procedures". Please identify with specificity the procedures that you allegedly followed.

**RESPONSE: Please see attached timeline.**

5. In paragraph 5 of your complaint, you state that "at all times material hereto Defendant [Standard Fire] has failed and/or refused to pay for said covered damages and losses." Please identify each and every fact that supports this contention, including, but not limited to, identifying the items of damage or loss for which Defendant Standard Fire allegedly did not pay.

**RESPONSE: Please see attached timeline.**

6. In Count One of your complaint, you allege the Defendant Standard Fire "breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder as set forth above". Please identify each and every fact that supports this contention, including but not limited to, identifying the specific benefits to which you claim you were entitled but that Standard Fire did not pay.

**RESPONSE: See Complaint**

7. Please identify the specific contractual obligations that you claim Standard Fire breached in "failing and refusing to properly pay benefits".

**RESPONSE: Please see attached timeline and correspondence.**

8. Please identify the specific repairs to your home and/or contents that you allege Defendant Standard Fire did not properly make.

**RESPONSE: Please see response to interrogatory number 7.**

2

9. Please identify the specific areas of your home which you allege "toxic mold, fungus and mildew" have invaded, and please identify any facts that support this allegation.

**RESPONSE: The whole home has been invaded.**

10. Have you had your home tested or inspected for toxic mold, fungus, or mildew? If so, please identify the person or entity performing the test or inspection, the date(s) of the test or inspection, and the results of the test or inspection.

**RESPONSE: Not at this time.**

11. Please identify all rental and other expenses that you allege to have incurred as a result of Defendant Standard Fire's alleged breach if its obligations to you.

**RESPONSE: Please see documents in response to request for production.**

12. In Count Two of your complaint, you allege that Defendant Standard Fire "intentionally, and in bad faith failed to fully investigate Plaintiffs' claim". Please identify each and every fact of that supports this contention, including, but not limited to, identifying with specificity what you claims Defendant Standard Fire failed to investigate and what Defendant Standard Fire should have done I the course of its investigation that you allege was not done.

**RESPONSE: Please see response to interrogatory number 7.**

13. Please identify with specificity the policy provisions of the Standard Fire policy upon which you base the claims set forth in your complaint.

**RESPONSE: See Complaint**

14. Please identify and describe in detail each and every communication that you, or your attorney or other representative, have had with any person regarding calculations of

3

any costs, including, but not limited to, the costs of repair, cleaning, loss of use, dwelling costs, or other costs resulting from the incidents made the basis of this lawsuit.

**RESPONSE: The cost continue to grow each day.**

15.   Please identify and describe in detail each and every communication that you, or your attorney or other representative, have had with any person regarding the alleged failure of Standard Fire to pay amounts you allege are owed under the policy of insurance, including but not limited to, amounts for the dwelling, personal property, and/or additional living expenses as a result of the incidents made the basis of this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

16.   Please identify and describe in detail each and every communication that you, or your attorney or other representative have had with any person regarding the value of the house made the basis of this lawsuit, the cost of repairing the damage to the house and contents allegedly caused by Hurricane Ivan and which form the basis of this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

17.   Please identify the name, address, and qualifications of each person whom you expect to call, or may call, as an expert at the trial of this matter, and state the subject matter on which each such expert is expected to testify. As to each expert identified by you, please identify:

    (a)   the substance of the facts and opinions to which each expert may testify and give a summary of the grounds for each opinion.

4

  (b)  The factual information that has been furnished to the expert for his or her study, examination and review, and when such information was furnished, and by whom.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

18. Please state the name and address of all insurance companies with whom you have filed any kind of insurance claim within the last five years. For each such claim, please state the date, nature, and the amount of the claim as well as the policy number and the company name that issued the policy upon which said claim was made.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

19. Please state the name and addresses of all companies, businesses, entities, or individuals against whom you have south compensation for damages as a result of the incidents made the basis of this lawsuit, stating in said response any amount you received by way of payment or settlement for any and all claims.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

20. Please identify any and all damages that you claim were proximately caused by the actions or inactions of Standard Fire. Please include in your response any and all economic damage, specifying the nature of the damages as well as the amount of the damages, and any and all mental and/or physical damage, specifying the nature of said damage and the amount of compensation sought for damage. Please state for each said item of damage, any and all compensation that you have received from any source for that damage, specifying for each item of compensation the source of said compensation.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

21. Please identify and describe in detail each and every way in which you have attempted to mitigate damages arising from the incidents made the basis of this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

22. Please identify any and all mental anguish and emotional distress injuries allegedly incurred by you and for which you seek compensation thorough this lawsuit. Please identify in you response the date of each visit to any and all health-care provider or facility, the name or names of the health care provider or providers, the diagnosis or multiple diagnosis, the cost of each visit, the ultimate outcome for each diagnosis, and the cost of treatment for each physical injury, illness or medical reaction sustained.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

23. Please identify any and all persons who have knowledge, claim to have knowledge, or are reported to have knowledge of any of the incidents or damages made the basis of this lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

24. Please identify any and all other lawsuits in which you have been involved as a party, including the nature of the case, the names of all the parties, the attorneys for each party, the court in which the case was filed, the status of the case, and, if the case had been resolved or settled, state how the case was resolved or settled and for what amount.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

25. If you have ever been charged or convicted of a crime, lease state separately for each such charge or conviction, the title and location of the court, the date of the charge or conviction. The crime for which you were charged or convicted, and the sentence imposed, if any.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it exceeds the number set forth within this Court's Scheduling Order.**

_____
**Donald Bell**


_____
**Katrina Bell**

STATE OF **ALABAMA**)
COUNTY OF _____)

   I, the undersigned Notary Public in and for the State of Alabama at Large, hereby certify that **Donald & Katrina Bell** whose name is signed to the foregoing, and who is known to me and who being by me first duly sworn, acknowledged before me on this day that being informed of the contents of the said document, she executed the same voluntarily on the day the same bears date.

   SWORN to and SUBSCRIBED before me this the _____ day of _____, 2005.

_____
(Affix Seal Here)          NOTARY PUBLIC
                           My Commission Expires:_____

7

_____
CHRISTOPHER E. SANSPREE
Attorney for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 facsimile

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the ____ day of _____ 2005.

_____<br>OF COUNSEL

Mr. Joel Isenberg
**Smith & Ely, L.L.P.**
2000A Southbridge Parkway, Suite 405
Birmingham, Alabama
(205) 802-2214
(205) 879-4445 (fax)

9