IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD BELL and KATRINA BELL,    )
                                 )
            Plaintiffs,          )
                                 )
v.                               )CIVIL ACTION NO. 2:05CV658-MHT
                                 ) [WO]
TRAVELERS PROPERTY, CASUALTY     )
INSURANCE COMPANY,               )
                                 )
            Defendant.           )

## ORDER ON MOTION

The defendant, STANDARD FIRE INSURANCE COMPANY ["Standard Fire"]

filed a Motion to Compel on 27 January 2006 (Doc. # 14).  The factual underpinnings which

triggered the motion provide a classic illustration of a party's serial failures to abide by the

discovery rules clearly codified in the Federal Rules of Civil Procedure.  The court has

examined the pertinent pleadings, exhibits, and orders in the record and FINDS that the

plaintiffs have violated the following provisions:

1.    Failure to file timely responses, i.e., responses within 30 days of their receipt

      of discovery requests, pursuant to Fed. R. Civ. Pro. 33(a) and 34(b); the

      requests were propounded in October 2005 and were finally served more than

      three months later in January 2006;

2.    Failure to file timely objections, i.e., objections within 30 days of their receipt

      of discovery requests, pursuant to Fed. R. Civ. Pro 33 (b) (4);

3.    Failure to sign responses, pursuant to Fed. R. Civ. Pro. 26 (g)(2) and 33 (b)

(1);

4.    Inexplicably false representation regarding directive in the court's scheduling order; the plaintiffs lodges several untimely objections to providing responses to interrogatories because they were allegedly exceeded "the number set forth within this Court's Scheduling Order", when, in fact, the scheduling order imposed no limitations (See Exhibit F to the Motion to Compel; compare with Doc. # 8); and

5.    Failure to cooperate with opposing counsel to provide responses within a reasonable time to facilitate the making of dispositive motions and to advance the litigation.

The court is both quite disappointed and quite displeased with the plaintiffs' and their counsel's failure to comply with well-established discovery rules, and the court is persuaded that their conduct has been undertaken in bad faith.  Each party is expected to resolve discovery disputes in good faith, without undue delay or machination, and failure to do so is regarded as bad faith by this court, triggering the assessment of sanctions against the offending party.  See *BankAtlantic v. Blythe Eastman Paine Webber, Inc*., 12 F.3d 1045 (11th Cir. 1994); *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510 (11th Cir. 1986).

In view of all of these factors, and for good cause, it is ORDERED as follows:

1.    The Motion To Compel is GRANTED.

2.    On or before 3 February 2006, the plaintiffs are DIRECTED to serve complete responses to the defendant's interrogatories and requests for production.  The

2

plaintiffs shall not interpose any objections to the requests. The responses shall be complete and shall address, point for point, all of the requests made. The plaintiffs are specifically forbidden to refer the defendant in their responses to any other document or pleading, such as the complaint.

3.    On or before 6 February 2006, the defendant shall file with the Clerk of the court a Notice of Compliance, setting forth the plaintiffs' compliance with this order.

4.    On or before 6 February 2006, the defendant is DIRECTED to file with the Clerk of the court an itemized accounting of time spent by defendants' counsel in securing responses to their discovery requests, including attorney fees and expenses attributable to their efforts.

5.    On or before 6 February 2006, the plaintiffs shall show cause why the court should not impose monetary sanctions upon them for failing to abide by the discovery rules.

6.    The plaintiffs are CAUTIONED that their failure to comply with this order will lead to the imposition of specific sanctions upon them, which may include a recommendation to the presiding judge to prohibit their use of any evidence or information unreasonably withheld.

DONE this 30th day of January, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

3