

11/9/05

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD BELL; KATRINA BELL,   )
                              )
   Plaintiffs,                )
                              )
vs.                           )   CIVIL ACTION NO. 2:05 CV 658-M
                              )
TRAVELERS PROPERTY CASUALTY   )
INSURANCE COMPANY,            )
                              )
   Defendant.                 )

### DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFFS

COMES NOW Defendant The Standard Fire Insurance Company, incorrectly identified in the Plaintiffs' complaint as Travelers Property Casualty Insurance Company, ("Standard Fire") and, pursuant to Federal Rule of Civil Procedure 33, propounds the following interrogatories to the Plaintiffs, Donald Bell and Katrina Bell. As used in these interrogatories, the following definitions apply:

1.  As used herein, the terms "you" and "your" refer to Plaintiffs, Donald Bell and Katrina Bell, and your agents, or any person acting or purporting to act on your behalf, now, or in the past, including but not limited to, your attorneys and any expert employed on your behalf for the purpose of this litigation.

2.  As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations and associations of business entities.



3. As used herein, the phrase "incidents made the basis of this lawsuit" refers to those claims for recovery set forth by the Plaintiffs in the complaints, and any amendments thereto.

4. "Communication" and "statement" refer to any and all communications, either written or oral, regardless of the medium or context of the communication.

5. "Document" shall include, but is not limited to, any and all written, audio or visual material, however produced, that is in some way tangible.

6. As used herein, the term "expert" refers to anyone that you have employed, are planning to employ, or may potentially employ as a witness or to assist in the preparation of this litigation or of the trial of this claim, including, but not limited to, engineers, scientists, physicians, technical experts, or anyone that may be used as a witness who will not testify as an eyewitness in some capacity.

7. As used herein, the term "identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, and title or occupation.

8. As used herein, the term "identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

    a. date the document bears, or if none, the date it was written;

  b. name and address of each person who wrote it or participated in the writing of it;

  c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

  d. name and address of each person who received a copy of the document;

  e. description of the document, as for instance, a letter or memorandum;

  f. its present location or custodian of each copy or, if unknown, its last known location or custodian;

  g. if any document is no longer in the plaintiffs' possession or subject to the plaintiffs' control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession or control was relinquished by the plaintiffs.

9. As used herein, the term "identify," when used with reference to an oral communication, means to provide the following information:

  a. persons participating in such oral communication;

  b. date, manner (e.g., telephone) and place at which persons participating in or hearing the oral communication were located;

  c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

      d.    name of each person who was present, in addition to the participants;

             and

      e.    substance of the oral communication.

### INTERROGATORIES

1. Please state your full names, addresses, dates of birth, and social security numbers.

2. Please identify and describe in detail each and every communication you have had with Standard Fire, any independent adjuster, or any of Standard Fire's agents or representatives that relates to the incidents made the basis of this lawsuit.

3. In paragraph 5 of your complaint, you state that your "home and contents sustained major damage due to Hurricane Ivan." Please identify with specificity the damage you allege was caused to your home and contents by Hurricane Ivan, and please identify with specificity each item of contents that you allege was damaged.

4. In paragraph 5 of your complaint, you state that, after Hurricane Ivan, you "followed the provided procedures." Please identify with specificity the procedures that you allegedly followed.

5. In paragraph 5 of your complaint, you state that "at all times material hereto Defendant [Standard Fire] has failed and/or refused to pay for said covered damages and losses." Please identify each and every fact that supports this contention, including, but not limited to, identifying the items of damage or loss for which Defendant Standard Fire allegedly did not pay.

6. In Count One of your complaint, you allege that Defendant Standard Fire "breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder as set forth above." Please identify each and every fact that supports this contention, including, but not

4

limited to, identifying the specific benefits to which you claim you were entitled but that Standard Fire did not pay.

7. Please identify the specific contractual obligations that you claim Standard Fire breached in "failing and refusing to properly pay benefits."

8. Please identify the specific repairs to your home and/or contents that you allege Defendant Standard Fire did not properly make.

9. Please identify the specific areas of your home in which you allege "toxic mold, fungus and mildew" have invaded, and please identify any facts that support this allegation.

10. Have you had your home tested or inspected for toxic mold, fungus, or mildew? If so, please identify the person or entity performing the test or inspection, the date(s) of the test or inspection, and the results of the test or inspection.

11. Please identify all rental and other expenses that you allege to have incurred as a result of Defendant Standard Fire's alleged breach of its obligations to you.

12. In Count Two of your complaint, you allege that Defendant Standard Fire "intentionally, and in bad faith, failed to fully investigate Plaintiffs' claim." Please identify each and every fact that supports this contention, including, but not limited to, identifying with specificity what you claim Defendant Standard Fire failed to investigate and what Defendant Standard Fire should have done in the course of its investigation that you allege was not done.

13. Please identify with specificity the policy provisions of the Standard Fire policy upon which you base the claims set forth in your complaint.

14. Please identify and describe in detail each and every communication that you, or your attorney or other representative, have had with any person regarding calculations of any costs,

5

including, but not limited to, the costs of repair, cleaning, loss of use, dwelling costs, or other costs resulting from the incidents made the basis of this lawsuit.

*Stop*

15. Please identify and describe in detail each and every communication that you, or your attorney or other representative, have had with any person regarding the alleged failure of Standard Fire to pay amounts you allege are owed under the policy of insurance, including, but not limited to, amounts for the dwelling, personal property, and/or additional living expenses as a result of the incidents made the basis of this lawsuit.

16. Please identify and describe in detail each and every communication that you, or your attorney or other representative, have had with any person regarding the value of the house made the basis of this lawsuit, the cost of repairing the damage to the house and contents allegedly caused by Hurricane Ivan and which form the basis of this lawsuit.

17. Please identify the name, address, and qualification of each person whom you expect to call, or may call, as an expert witness at the trial of this matter, and state the subject matter on which each such expert is expected to testify. As to each expert identified by you, please identify:

   (a) the substance of the facts and opinions to which each expert may testify and give a summary of the grounds for each opinion; and

   (b) the factual information that has been furnished to the expert for his or her study, examination and review, and when such information was furnished, and by whom.

18. Please state the name and address of all insurance companies with whom you have filed any kind of insurance claim within the last five years. For each such claim, please state the date, nature, and the amount of the claim as well as the policy number and the company name that issued the policy upon which said claim was made.

19. Please state the name and addresses of all companies, businesses, entities, or individuals against whom you have sought compensation for damages as a result of the incidents made the basis of this lawsuit, stating in said response any amount you received by way of payment or settlement for any and all claims.

20. Please identify any and all damages that you claim were proximately caused by the actions or inactions of Standard Fire. Please include in your response any and all economic damage, specifying the nature of the damages as well as the amount of the damages, and any and all mental and/or physical damage, specifying the nature of said damage and the amount of compensation sought for said damage. Please state for each said item of damage, any and all compensation that you have received from any source for that damage, specifying for each item of compensation the source of said compensation.

21. Please identify and describe in detail each and every way in which you have attempted to mitigate damages arising from the incidents made the basis of this lawsuit.

22. Please identify any and all mental anguish and emotional distress injuries allegedly incurred by you and for which you seek compensation through this lawsuit. Please identify in your response the date of each visit to any and all health-care provider or facility, the name or names of the health care provider or providers, the diagnosis or multiple diagnoses, the cost of each visit, the ultimate outcome for each diagnosis, and the cost of treatment for each physical injury, illness or medical reaction sustained.

23. Please identify any and all persons who have knowledge, claim to have knowledge, or are reported to have any knowledge of any of the incidents or damages made the basis of this lawsuit.

24.    Please identify any and all other lawsuits in which you have been involved as a party, including the nature of the case, the names of all the parties, the attorneys for each party, the court in which the case was filed, the status of the case, and, if the case has been resolved or settled, state how the case was resolved or settled and for what amount.

25.    If you have ever been charged or convicted of a crime, please state separately for each such charge or conviction, the title and location of the court, the date of the charge or the conviction, the crime for which you were charged or convicted, and the sentence imposed, if any.

_____
Brenen G. Ely (ELY004)
Joel S. Isenberg (ISE001)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:

SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|       |                    |
|-------|--------------------|
| ____  | Hand Delivery      |
| __x__ | U. S. Mail         |
| ____  | Overnight Delivery |
| ____  | Facsimile          |

on this the 4th day of October, 2005.

_____
OF COUNSEL

cc:

Jere L. Beasley
W. Daniel Miles, III
Christopher Sanspree
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 35103-4160

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
OCT 05 2005

| | |
|---|---|
| DONALD BELL; KATRINA BELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05 CV 658-M |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

**COMES NOW** Defendant The Standard Fire Insurance Company, incorrectly identified in the Plaintiffs' complaint as Travelers Property Casualty Insurance Company, ("Standard Fire") and, pursuant to Federal Rule of Civil Procedure 34, propounds the following requests for production to the Plaintiffs, Donald Bell and Katrina Bell. As used in these requests for production of documents, the following definitions apply:

### DEFINITIONS

As used in these requests for production, the following definitions apply:

1. As used herein, the term "document" means, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement

of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; electronic mail; any of the above maintained or transmitted electronically or by computer; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

2. As used herein, the term "oral communications" means any words heard or spoken, including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

3. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations and associations of business entities.

4. As used herein, the terms "you" and "your" refer to Plaintiffs, Donald Bell and Katrina Bell, and your agents, or any person acting or purporting to act on your behalf, now, or in the past, including but not limited to, your attorneys and any expert employed on your behalf for the purpose of this litigation.

5. As used herein, the term "identify," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, and title or occupation.

6. As used herein, the term "identify," when referring to a document or writing, means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure.

More particularly, the term "identify" when used with reference to a document includes:

    a. date the document bears, or if none, the date it was written;

    b. name and address of each person who wrote it or participated in the writing of it;

    c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

    d. name and address of each person who received a copy of the document;

    e. description of the document, as for instance, a letter or memorandum;

    f. its present location or custodian of each copy or, if unknown, its last known location or custodian;

    g. if any document is no longer in the plaintiff's possession or subject to the plaintiff's control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control, and the date that possession or control was relinquished by the plaintiff.

7. As used herein, the term "identify," when used with reference to an oral communication, means to provide the following information:

    a. persons participating in such oral communication;

    b. date, manner (e.g., telephone) and place at which persons participating in or hearing the oral communication were located;

    c. a description of the circumstances surrounding the communications,

3

        as, for instance, meeting, speech or conversation;

    d.    name of each person who was present, in addition to the participants; and

    e.    substance of the oral communication.

8. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

9. As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

10. As used herein, the term "person" includes any natural person, firm, association, organization, partnership, business trust, corporation, and governmental entity.

11. As used herein, the phrase "incidents made the basis of this lawsuit" refers to those claims for recovery set forth by the plaintiff in its Complaints.

12. As used herein, the term "communication" refers to any and all communications, either written or oral, regardless of the medium or context of the communication.

13. As used herein, the term "expert" refers to anyone that you have employed, are planning to employ, or may potentially employ as a witness or to assist in the preparation of this litigation or of the trial of this claim, including, but not limited to, engineers, scientists, physicians, technical experts, or anyone that may be used as a witness who will not testify as an eyewitness in some capacity.

Please produce for inspection and copying at the offices of SMITH & ELY, LLP, 2000A SouthBridge Parkway, Suite 405, Birmingham, Alabama 35209, within the time required under Rule 34 of the Federal Rules of Civil Procedure, the following documents and permit Defendant Standard Fire or its attorneys to inspect and copy any and all of the same:

## REQUEST FOR PRODUCTION

1. Each and every document that relates to any conversation or communication that you have had with Standard Fire, any independent adjuster, or any of Standard Fire's agents or representatives that relates to the incidents made the basis of this lawsuit.

2. Each and every document containing statements made by Defendant Standard Fire or any person that relate to the incidents made the basis of this lawsuit.

3. In paragraph 5 of your complaint, you state that your "home and contents sustained major damage due to Hurricane Ivan." Please produce each and every document that references or reflects the alleged damage to your home and contents.

4. Please produce an itemization of, and each and every document that references or reflects, the areas of your home that you allege sustained damage and the items of contents that you allege sustained damage as a result of Hurricane Ivan.

5. Please produce an itemization of, and each and every document that references or reflects, the specific repairs to your home and/or contents that you allege Defendant Standard Fire did not properly make.

6. Please produce each and every document that references or reflect the existence and/or origins of any alleged "toxic mold, fungus and mildew" in your home as a result of the incidents made the basis of this lawsuit.

7. Please produce each and every document that references or reflects any testing, inspection, or remediation of your home for toxic mold, fungus, or mildew, including, but not limited to, any and all reports and invoices from any engineering, testing, or remediation companies.

8. Please produce each and every document that references or reflects any and all rental

5

and other expenses that you allege to have incurred as a result of Defendant Standard Fire's alleged breach of its obligations to you.

9. Please produce each and every document that supports your contention that Defendant Standard Fire "failed and/or refused to pay" for covered damages and losses.

10. Please produce each and every document that supports your contention in your complaint that Defendant Standard Fire "breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder," including, but not limited to, the specific provisions of the Standard Fire insurance policy that you claim were breached.

11. Please produce each and every document that supports your contention that Defendant Standard Fire "intentionally, and in bad faith, failed to fully investigate Plaintiffs' claim."

12. Please produce each and every document, including, but not limited to, any notes, emails, correspondence, or memoranda, reflecting or relating to the incidents made the basis of this lawsuit.

13. Please produce each and every document, including, but not limited to, copies of health-care provider invoices, pharmacy receipts, or other documentation that supports your claim for emotional and mental distress injuries and/or medical diagnosis and/or allergic reactions sustained by any of you, as a result of the incidents made the basis of this lawsuit.

14. Please produce each and every document that reflects or relates to any damages you claim in this lawsuit, including, but not limited to, economic damages, damages to your home and contents, damages for loss of use, and damages for mental anguish and/or emotional distress.

15. Please produce each and every policy of insurance issued to you by Standard Fire, including the specific policy provisions upon which you base the claims set forth in your complaint.

16.     Please produce each and every document that reflects or relates to any conversation or communication that you, or your attorney or other representative, have had with any person regarding the value of the house made the basis of this lawsuit either before or after Hurricane Ivan.

17.     For each and every expert identified in response to Standard Fire's interrogatories, please produce each and every document furnished to the expert for his or her study, examination and review; any and all reports of any such expert(s) that have been furnished to you, your attorney, or other representatives; and each and every document, correspondence, or other materials given to the expert for any purpose by the you, your counsel, agents, and/or servants.

18.     Please produce each and every state and federal income tax return filed on your behalf five years prior to the incident made the basis of this lawsuit and each state and federal income tax return filed on your behalf since the incidents made the basis of this lawsuit.

19.     Please produce each and every document that you intend to offer or to potentially offer at the trial of this case.

20.     Please produce each and every document used or referred to in the answering of interrogatories propounded by Standard Fire.

21.     Please produce each and every document that relates to or concerns any claim that you have filed with any insurance company in the past five years.

22.     Please produce copies of any and all insurance policies issued to you in the past five years.

23.     Please produce each and every document or other tangible item that you have received from Standard Fire.

24.     Please produce each and every photograph or videotape taken to substantiate your

claims in this lawsuit.

25. Please produce each and every written estimate, contract, bill, invoice, statement, or receipt prepared in connection with the incidents made the basis of this lawsuit, including, but not limited to, the cost of repairs to the roof of the dwelling, costs of the repair from water, mold, or fungi damage, cleaning costs, medical bills, pharmacy receipts, or any other document referencing bills or damages.

These Requests for Production shall be deemed continuing so as to require supplemental responses if you or your attorney obtain any further information between the time your responses are served and the time of trial.

_____
Brenen G. Ely (ELY004)
Joel S. Isenberg (ISE001)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:

SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|  |  |
|---|---|
| _____ | Hand Delivery |
| __x__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |

on this the 4th day of October, 2005.

OF COUNSEL

cc:

Jere L. Beasley
W. Daniel Miles, III
Christopher Sanspree
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 35103-4160

9