# Exhibit "I"

Case 2:05-cv-00658-MHT-VPM   Document 21-10   Filed 02/14/2006   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 15 P 2: 42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| DONALD BELL; KATRINA BELL; ) | |
| Plaintiff(s), ) | |
| vs. ) | CIVIL ACTION NO. _____ |
| TRAVELERS PROPERTY CASUALTY ) INSURANCE COMPANY; ET AL.; ) | |
| Defendant(s). ) | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Comes now Defendant The Standard Fire Insurance Company, incorrectly identified as Travelers Property Casualty Company, ("Standard Fire") and files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama (CV-05-1582) to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

The above-entitled action was commenced in the Circuit Court of Montgomery County, State of Alabama, on June 24, 2005, and is now pending therein. A copy of the Plaintiffs' complaint is attached hereto as Exhibit "A." Defendant Standard Fire was served with the Complaint on June 30, 2005. The removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446(a).

II.

Copies of all process, pleadings and orders served on or by Defendant Standard Fire in said

action are attached hereto as Exhibit "A."

III.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of the diversity of citizenship, pursuant to 28 U.S.C. Section 1332.

IV.

The Plaintiffs, Donald Bell and Katrina Bell, at the time of this action, and since that time, are residents of the State of Alabama.

VI.

Defendant Standard Fire, at the time of the commencement of this action, and since that time, was and is now a corporation organized and existing under the laws of the State of Connecticut and was not at the time of the commencement of this action, nor at any time, a citizen or resident of the State of Alabama.

VII.

Defendant Standard Fire and the Plaintiffs are citizens of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

VIII.

The matter in dispute in the Plaintiffs' Complaint exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs. In their Complaint, the Plaintiffs set forth claims of breach of contract and bad faith against Defendant Standard Fire. Although the Plaintiffs do not specifically allege the amount of damages, the Plaintiffs' Complaint does not limit their demand for recovery. Rather, the Plaintiffs specifically demand compensatory damages for their claims of breach of contract against Defendant Standard Fire in an amount to be determined

2

by a jury. The Plaintiffs breach of contract claims are based upon a homeowners' insurance policy issued by Defendant Standard Fire, with policy limits in excess of $75,000. (*See* Exhibit "B," declarations page from Homeowners' Policy).

Moreover, the Plaintiffs separately and specifically demand compensatory and punitive damages related to the alleged bad faith of Standard Fire. A federal court sitting in diversity applies state substantive law. *Allison v. Vintage Sports Plaques,* 136 F.3d 1443, 1445 (11th Cir. 1998) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938)). Therefore, the substantive law of the State of Alabama will apply in this case. The Alabama appellate courts have upheld awards in excess of $75,000 in breach-of-contract and bad-faith actions. *See United Services Auto. Assn. v. Hobbs,* 858 So. 2d 966 (Ala. Civ. App. 2003)(plaintiff alleged breach-of-contract and bad-faith claims against insurer and Alabama Court of Civil Appeals affirmed jury award of $80,000); *Acceptance Ins. Co. v. Brown,* 832 So. 2d 1 (Ala. 2001)(plaintiff alleged breach-of-contract and bad-faith claims against insurer and Alabama Supreme Court affirmed compensatory damage award of $270,000); *Life Ins. Co. of Georgia v. Johnson,* 701 So. 2d 524, 526 (Ala. 1997)(plaintiff alleged fraud and suppression against insurer and Alabama Supreme Court remitted punitive damages award to $3,000,000). Based on the allegations in the Complaint, the Plaintiffs seek damages in excess of the jurisdictional limit of this Court.

WHEREFORE PREMISES CONSIDERED, the Petitioner, The Standard Fire Insurance Company, prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referred action from the Circuit Court of Montgomery County, Alabama to this Court.

Respectfully submitted,

_____
Branen G. Ely, 0366-E54B
Joel S. Isenberg, 8855-B76J
Attorneys for Defendant The Standard Fire
Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| __X__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-File |

on this the 15th day of July, 2005.

_____
OF COUNSEL

cc:

Christopher E. Sanspree
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

4

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DONALD BELL; KATRINA BELL; | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | *   CIVIL ACTION NO. CV-05 – 1582 |
| | * |
| TRAVELERS PROPERTY CASUALTY | * |
| INSURANCE COMPANY; | * |
| Fictitious Defendants | * |
| "A", "B", and "C", whether singular | * |
| or plural, those other persons, | * |
| corporations, firms or other entities | * |
| whose wrongful conduct caused | * |
| or contributed to cause the injuries | * |
| and damages to the Plaintiff, all of | * |
| whose true and correct names are | * |
| unknown to Plaintiff at this time, | * |
| but will be added by amendment | * |
| when ascertained, | * |
| | * |
| Defendants. | * |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Donald Bell is over the age of nineteen years and is a resident citizen of Montgomery County, Alabama.

2. Plaintiff Katrina Bell is over the age of nineteen years and is a resident citizen of Montgomery County, Alabama.

3. Defendant Travelers Property Casualty Insurance Company (hereinafter referred to as "Travelers") is a foreign corporation doing business by agent in Montgomery County, Alabama.

4. Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or

contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5. In or around June 26, 2004, Plaintiffs purchased a Travelers homeowners insurance policy to cover and/or insure their home/property located in Wilcox County at 9030 County Road 59 in Pineapple, Alabama and maintained aforementioned policy by paying the necessary premiums to keep said policy in force.

6. On or about September 14, 2004, Plaintiff's home and contents sustained major damage due to Hurricane Ivan, and Plaintiffs contacted Defendant Travelers immediately thereafter, followed the provided procedures, and filed a claim for benefits due under their policy of insurance. However, at all times material hereto Defendant Travelers has failed and/or refused to pay for said covered damages and losses.

## COUNT ONE

7. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

8. At all times herein, Defendant Travelers was under a contractual obligation to pay benefits owed to Plaintiffs under the aforementioned homeowner's policy of insurance.

9. Defendant Travelers breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder as set forth above.

10. As a proximate consequence of Defendant Travelers breach, Plaintiffs were injured and damaged as follows: Plaintiffs' property has not been repaired as promised;

2

Plaintiffs have been forced to rent a home and incur all related expenses; Plaintiffs have not been able to live in their home because it has not been properly repaired; Plaintiffs have lost the full use of their residence; toxic mold, fungus and mildew has invaded Plaintiffs home; Plaintiffs have suffered mental anguish and emotional distress and will continue to do so; and Plaintiffs were otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Travelers in such an amount of compensatory damages as a jury deems reasonable, and may award, plus costs.

## COUNT TWO

11. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

12. At all material times herein, Defendant Travelers was under a duty to use good faith in handling Plaintiffs' claim.

13. Defendant Travelers has intentionally, and in bad-faith, failed and/or refused to pay the benefits due under the aforesaid policy of insurance as set forth above.

14. As a proximate consequence, Plaintiffs were injured and damaged as set forth in paragraph 10 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Travelers in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT THREE

15. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

3

16. Defendant Travelers intentionally, and in bad faith, failed to fully investigate Plaintiffs' claim for the reasons set forth above.

17. As a proximate consequence, Plaintiffs were injured and damaged as set forth in paragraph 10 above.

WHEREFORE, Plaintiffs demand judgment against Defendant Travelers in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

                                                    JERE L. BEASLEY (BEA020)
                                                    W. DANIEL "DEE" MILES, III, (MIL060)
                                                    CHRISTOPHER SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 facsimile

### JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

                                                    OF COUNSEL

4

**Case Number:** 05-1582

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

State of Alabama
Unified Judicial System
Form ARCivP-93    1/94

**Case Number:** CV ☐☐☐☐☐☐.☐☐
**Date of Filing:** Month ☐☐ Day ☐☐ Year ☐☐
**Judge Code:** ☐☐☐☐☐

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF **Montgomery** COUNTY

PLAINTIFF: **Don Bell, Katrina Bell**    v. DEFENDANT: **Travelers Property Casualty**

**First Plaintiff:**
☐ Business    ☒ Individual
☐ Government  ☐ Other

**First Defendant:**
☒ Business    ☐ Individual
☐ Government  ☐ Other

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

**TORTS PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☐ TONG – Negligence: General
- ☐ TOMV – Negligence: Motor Vehicle
- ☐ TOWA – Wantonness
- ☐ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice - Medical
- ☐ TOLM – Malpractice - Legal
- ☐ TOOM – Malpractice - Other
- ☐ TOXX – Other: _____

**TORTS PROPERTY INJURY**
- ☐ TOPE – Personal Property
- ☐ TORE – Real Property

- ☐ RPRO – Real Property
- ☐ ACCT – Account & Non-Mortgage
- ☒ COXX – Contract: All other
- ☐ CVRT – Civil Rights
- ☐ WTEG – Wills/Trusts/Estates/Guardianships
- ☐ EQND – Non-Damage Actions (Declaratory Judgment, Injunction)
- ☐ MSHC – Habeas Corpus/Extraordinary Writ
- ☐ ADPA – Admin. Procedure Act
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ COMP – Workmen's Compensation
- ☐ COND – Condemnation (Fruits of Crime, Rt of Way, Aband. Vehicle)
- ☐ CVXX – Other: _____

FILED 2005 JUN 23 PM 3:4_ CIRCUIT COURT OF MONTGOMERY COUNTY

**ORIGIN (check one):**
F ☒ INITIAL FILING
R ☐ REMANDED
A ☐ APPEAL FROM DISTRICT COURT
T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
O ☐ OTHER: _____

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

**RELIEF REQUESTED:**
$ **over 50K** Compensatory    $ **over 50K** General
$ **over 50K** Punitive    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SAN048    Date: 6/23/05    Signature of Attorney/Party filing this form

## DISPOSITION DATA (To be completed by the Court)

**DISPOSITION DATE:** Month ☐☐ Day ☐☐ Year ☐☐
**ADMINISTRATIVE DOCKET:** Month ☐☐ Day ☐☐ Year ☐☐
**TRIAL BEGUN NO VERDICT:** Month ☐☐ Day ☐☐ Year ☐☐
**JUDGE TAKING FINAL ACTION:** Judge Code ☐☐☐☐☐

**JUDGMENT FOR PLAINTIFF**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other: _____

Amount:
$ _____ Compensatory
$ _____ Punitive
$ _____ General
☐ NO MONETARY AWARD

**JUDGMENT FOR DEFENDANT**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other: _____

Amount:
$ _____ Compensatory
$ _____ Punitive
$ _____ General
☐ NO MONETARY AWARD

**DISMISSALS**
- R ☐ Dismissed With Prejudice
- P ☐ Dismissed Without
- S ☐ Prejudice
- T ☐ Transferred to Other Circuit/Venue
- ☐ Other: _____

**TRIAL BEGAN:** Month ☐☐ Day ☐☐ Year ☐☐
**TRIAL ENDED:** Month ☐☐ Day ☐☐ Year ☐☐
**Number of Trial Days:** ☐☐

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DONALD BELL; KATRINA BELL;     *

Plaintiffs,

vs.     *     CIVIL ACTION NO. CV-05 - 1582

TRAVELERS PROPERTY CASUALTY *
INSURANCE COMPANY; ET AL.;

Defendants.

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the *Alabama Rules of Civil Procedure*.

NOTICE TO:     Travelers Property Casualty Company
150 South Perry Street
Montgomery, Alabama 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED 6-28-05

CIRCUIT CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD BELL; KATRINA BELL; | * | |
| Plaintiffs, | * | |
| vs. | * | CIVIL ACTION NO. CV-05 - 1582 |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY; ET AL.; | * | |
| Defendants. | * | |

### NOTICE OF TAKING DEPOSITION

TO: TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY

PLEASE TAKE NOTICE that, pursuant to Alabama Rules of Civil Procedure 30(b)(5) and (6), Plaintiffs will take the deposition of Travelers Property Casualty Insurance Company, a corporation (hereinafter referred to as "said corporation") upon oral examination before an officer authorized by law to administer oaths. The matters on which examination is requested are:

1. Relationship with the other Defendants;
2. Similar lawsuits;
3. This company's dealings with Plaintiffs;
4. The type of policy sold to Plaintiffs;
5. Any disciplinary action taken against agents of this Defendant;
6. All matters alleged in the Complaint filed in this cause.

Said deposition shall be taken at a time and place to be agreed upon by all parties.

Pursuant to Rule 30(b)(5), A.R.Civ.P., Plaintiffs requests deponent to produce the following items at said deposition:

1. Copies of all documents, correspondence, policies, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiffs.

2. Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiffs.

3. Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiffs or to Plaintiffs' policy of insurance issued by this Defendant.

4. Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to Plaintiffs.

5. Any diary, notes, or recordings of any nature concerning telephones conversations with Plaintiffs or anyone acting on her behalf.

6. Any and all documents in this Defendant's possession or control supporting the answer or defenses of this Defendant in this action.

_____
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 facsimile

2

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 22 day of June 2005.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DONALD BELL; KATRINA BELL;  *
                            *
Plaintiffs,                 *
                            *
vs.                         *     CIVIL ACTION NO. CV-05- 1582
                            *
TRAVELERS PROPERTY CASUALTY *
INSURANCE COMPANY; ET AL.;  *
                            *
Defendants.                 *

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiff propounds the following interrogatories and requests for production to be answered by Travelers Property Casualty Insurance Company, (hereinafter referred to as "Travelers"), a party defendant, in the manner and form prescribed by law:

### INTERROGATORIES

1. Identify the name of the person preparing the answers to these interrogatories and identify any person aiding in the preparation.

2. Please state the legal name of this Defendant.

3. If this Defendant is a corporation, please identify the state in which this Defendant was incorporated and the state in which this Defendant has its principal place of business.

4. If this Defendant has ever been sued for fraud and/or breach of contract for failure to pay a claim in the past ten (10) years, please state:

    a.    When was such suit filed?

    b.    Who made such claim or filed such suit, giving the address of the person who made such claim?

    c.    Please produce documents showing such.

    d.    The lawyer's name and address that sued this Defendant.

    e.    Please provide a copy of the complaint.

5. Explain the relationship between this Defendant and all other Defendants.

6. State the name, address, and job title of each person, now known to this Defendant, who has any knowledge or information relating to the incident and allegations made the basis of the Plaintiffs' Complaint.

7. Identify all persons who have any knowledge or witnessed the execution of documents by Plaintiff.

8. State the names and addresses of any and all persons with whom this Defendant has consulted as an expert witness and their opinion.

9. State the names of all employees of this Defendant who had any contact with the Plaintiffs at any time and describe the contact.

10. Prior to the institution of this action, did you or anyone on your behalf make any investigation to determine whether or not there was, in fact, a valid claim presented by the Plaintiffs? If so, please state:

    a.    The person making such investigation;

    b.    The date on which such investigation was performed;

    c.    The results of such investigation.

11. Please state the name, address, and specify duties of any and all persons associated with the Defendant who participated in the issuance, processing, or approval of the policy of insurance, issued to Plaintiff, along with a detailed description of their participation.

12. Please state which, if any, premiums of Plaintiffs' insurance policy were due or unpaid prior to the filing of this lawsuit.

13. If this Defendant has ever received any complaints, written or verbal, about the agent that dealt with Plaintiffs, please give the substance of those complaints in detail.

14. Please state the names, addresses and telephone numbers of all current and former employees of this Defendant's office in Montgomery County or the office in charge of Montgomery County.

15. List each person from whom a statement has been taken by this Defendant.

16. Had this Defendant done any investigation of Plaintiffs' claim prior to this lawsuit? If so, please explain your answer in detail.

17. Please state the name of any liability insurance company that provides coverage for any portions of the Plaintiffs' Complaint. State the amount of coverage you have.

18. Has this Defendant had any complaints filed against them with any agency of the State of Alabama or federal government? If so, explain the basis of such complaint(s) and the result(s).

19. Has this Defendant ever been investigated by or had their license suspended or revoked by any state or federal agency? If so, explain the circumstances regarding the incidents(s) in detail.

3

20. Please state the name, address and telephone number of all life insurance policyholders for this Defendant in the State of Alabama for the past eight (8) years.

21. State the name and job title of the person who denied the claim and state the reason for denial.

22. State in detail why the Plaintiffs' claim was denied or has been denied.

23. State this Defendant's basis for denying the Plaintiffs' claim(s).

24. State each fact upon which this Defendant relies on for denial of Plaintiffs' claim(s) and the source of any said facts.

25. State the name and address of each witness who can or will support Defendant's denial, basis of denial and/or facts surrounding denial of Plaintiffs' claim(s).

26. State and identify every document and its location which this Defendant contends supports its basis for denying Plaintiffs' claim(s).

27. Does more than one claims file exist on the Plaintiffs in regard to the claim(s) in this lawsuit?

28. Does a separate investigation file exist on this Plaintiffs or the claims which are the subject of this lawsuit?

29. Are any documents being withheld in regard to the Plaintiffs or the claim in this lawsuit from any files maintained by this Defendant? If so, identify each document, its location, and the basis for non-production.

30. Are there any electronic communications (computer or otherwise) concerning Plaintiffs' claim(s) that this Defendant has not printed and produced? If so, identify each document, its location, and the basis for non-production.

31. Is there a separate adjuster diary, log, list, notes, etc. which references Plaintiffs' claim(s) which are the subject of this lawsuit? If so, identify each document, its location, who maintains it, and the basis for non-production.

## SPECIFIC DOCUMENTS REQUESTED

In addition to documents requested hereinabove, Plaintiffs specifically requests that this Defendant produce the following:

1. The complete claims file.

2. The complete claims adjuster's file.

3. The complete underwriting file.

4. Names, addresses, and positions with each Defendant of each and every person who in any way worked with Plaintiffs' claim or claims.

5. A list of names, addresses, and policy numbers of all individuals who have been denied coverage for claims that pertain to insurance claims, whose policies are similar to Plaintiffs' prior to Plaintiffs' claim or claims in Alabama, during the last five years.

6. All promotional literature explaining the type of policy which was sold to Plaintiffs.

7. Sales pamphlets pertaining to the type of policy sold to Plaintiffs.

8. All claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees with respect to responsibilities concerning the handling of claims.

9. All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to or mentioning Plaintiffs.

5