IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD BELL and KATRINA BELL,    )
                                 )
                 Plaintiff,      )
                                 )
v.                               )    CIVIL ACTION NO. 2:05CV658-MHT
                                 )
TRAVELERS PROPERTY CASUALTY      )
INSURANCE COMPANY,               )
                                 )
                 Defendant.      )

## ORDER

On 30 January 2006, pursuant to the defendant's Motion to Compel (Doc. # 14), the court entered an order which addressed "a classic illustration of a party's serial failure[] to abide by the discovery rules clearly codified in the Federal Rules of Civil Procedure" (Doc. # 15).  Among the discovery lapses were the following:

- By 7 November 2005, plaintiffs' responses to the defendants' interrogatories and requests for production, propounded on 5 October 2005.  The plaintiffs did not respond or object until after 20 December 2005; however, the plaintiffs' responses were unsigned.[1]

- The requested documents were not even produced on 20 December 2005.  Rather, the plaintiffs merely stated, in response to the requests,

---

[1]In the meantime, plaintiffs filed a Notice with the Clerk of the court, indicating their service of discovery responses upon defendants on 12 December 2005.  The defendants did not receive discovery responses on that date and not until 20 December 2005, *after* defendants' counsel made another written request to plaintiffs' counsel for the responses.  Because the notice was discovery-related and not responsive to a court order, the court directed that it be stricken from the record.

that "[a]ll documents in Plaintiffs [sic] possession responsive to Defendants [sic] request will be produced".

● The plaintiffs did not submit signed responses until after the court's order of 30 January 2006, directing them to do so.[2]

In addition to the patent observation that the plaintiffs' initial responses and objections were untimely, i.e., served well beyond the 30-day limitation imposed in Rules 33 and 34, **Fed. R. Civ. Pro**., the plaintiffs' division of the interrogatories into "subparts" is at best disingenuous and at worst a flagrant display of bad faith. For example, in plaintiffs' Exhibit A to their response, filed on 6 February 2006 (Doc. # 16), the plaintiffs' counsel apparently "numbered" the "parts" to each interrogatory. Two unreasonable and inexplicable notations appear:

1. First, the identification and numbering of the "parts" on the document are unreasonable. An interrogatory which requests the names, addresses, dates of birth, and social security numbers of the plaintiffs *is not a four-part question*. Moreover, a request for the total damage and a request for itemized damages, in the same request, is not a two-part question. Thus, plaintiff's attempt to limit the requests by that means is unacceptable, especially in the absence of

_____

[2]The record as it pertains to actual service of the plaintiffs' responses is entirely confusing. Although the plaintiffs aver in their response to the court's order (Doc. #   ) that they answered the outstanding discovery "since" the "Court's Order of January 31, 2006", their Exhibit D,  a copy of their purported responses attached to their pleading, is internally contradictory, and it contradicts their averment. The Exhibit itself includes the signatures of the two plaintiffs who, according to the notary, signed the discovery responses on **10 January 2005** (clearly a mistaken indication of "2006"), but the certificate of service of that very document is dated **12 December 2005**!  At the very least, both plaintiffs' counsel and the notary were remarkably careless.

any agreement to do so.

2.    Second, consistent with the fact that the plaintiffs absolutely stopped responding to interrogatories after # 14 in their actual responses, there is a handwritten notation, "stop", in the margin of the interrogatories after # 14. However, the plaintiffs stopped responding after plaintiffs' counsel counted 25 interrogatories (including the dubious subparts), not 40, as the parties' Report of Planning Meeting provides.

For the reasons enumerated herein and in the court's order of 30 January 2006, the court makes the following FINDINGS:

1.    The plaintiffs' and their counsel's responses to discovery requests have been contumacious and vexatious.

2.    The defendants are entitled to compensation for expending, unnecessarily, the time and other resources required to prosecute the discovery motion.

3.    The time and the tasks reflected on the Accounting submitted by the defendants were reasonable and necessary undertakings to secure the discovery responses to which they were entitled.

4.    A reasonable hourly rate for defendants' counsel is $225.00, and they are entitled to receive that amount times the number of hours that they expended.

Accordingly, it is ORDERED as follows:

1.    On or before 28 February 2006, the plaintiffs and their counsel shall pay to the defendants' counsel the sum of fifteen hundred fifty-two dollars and fifty cents ($1552.50).

2.    One-half of that sum ($776.25) should be paid by the plaintiffs, DONALD AND KATRINA BELL, and one-half of that sum shall be paid by the plaintiffs' counsel.

3.    On or before 3 March 2006, counsel for the defendants shall file a Notice of Compliance with the Clerk of the court indicating whether the monetary sanctions have been paid.

DONE this 15th day of February, 2006.


                                    /s/ Vanzetta Penn McPherson
                                    VANZETTA PENN MCPHERSON
                                    UNITED STATES MAGISTRATE JUDGE