IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONALD BELL;                )
KATRINA BELL,               )
                            )
Plaintiffs,                 )          CIVIL ACTION NO. 2:05 CV
                            )          658-T
vs.                         )
                            )
TRAVELERS PROPERTY          )
CASUALTY INSURANCE          )
COMPANY,                    )

Defendant

### AFFIDAVIT OF MICHAEL DAVID GIBBS

1.   My name is Michael David Gibbs. I am a resident of the State of Georgia. I am over the age of nineteen and am competent to testify about the matters contained in this affidavit. I am employed by Travelers Indemnity Company of America ("Travelers") in Alpharetta, Georgia as a General Adjuster. This affidavit is based on personal knowledge and/or business records maintained in the ordinary course of business.

2.   On December 23, 2004, the responsibility of handling the property damage claim made by Donald and Katrina Bell on September 15, 2004 under their homeowners insurance policy issued by The Standard Fire Insurance Company ("Standard Fire") was transferred to me. Thereafter, I made decisions regarding what investigation was required of the loss; coordinated inspections of the subject property; reviewed and evaluated reports prepared of the inspections; and determined what damages claimed by the Mr. and Mrs. Bell were covered losses under the Standard Fire insurance policy.

3.   Prior to my handling of this claim, the claim was assigned to Insurance Claims Adjusting, Inc. ("ICA"), an independent adjusting firm, to inspect the loss and report on the results of that inspection. After their initial inspection, ICA requested the assistance of a structural engineer and hired the engineering firm of Cain & Associates to inspect the home's foundation. After receiving the assignment of this claim, I reviewed the report from ICA and determined that, in an effort to expedite the claim, a local contractor needed to review the estimate at the loss site. I also obtained and reviewed the report from Cain & Associates. After reviewing this report, I determined that a more in depth inspection was required of the property before a decision could be made as to



covered loss. I contacted Daniel Engel of Gulf States General Contractors, Inc. and requested the he inspect the property as part of our continuing investigation. Mr. Engel performed an initial inspection on December 26, 2004. After talking to Mr. Engel, I personally inspected the property on December 27, 2004 and determined that a follow up inspection was required in order to further investigate and evaluate the loss and determine what, if any, damage was a result of a covered loss under the Standard Fire insurance policy. On January 19, 2005, I accompanied Richard Steed of Professional Inspection Consultants, Inc.; Daniel Engel of Gulf States General Contractors, Inc.; and Danny Hamner of Prickett-Hamner Electric, LLC to the property. Once I had the opportunity to study and evaluate each of the reports submitted as a result of these inspections, I made a determination that only part of the claims made by Mr. and Mrs. Bell were covered losses under the Standard Fire insurance policy.

  4.  After concluding this investigation, I issued payment to Mr. and Mrs. Bell for those damages which were covered losses under the Standard Fire insurance policy, minus their deductible, pursuant to the terms and conditions of Mr. and Mrs. Bells' policy.

  5.  I spoke to Mr. Bell following his receipt of theses payments. He stated that the amounts paid for alternate living expenses and for personal property loss were acceptable, and he had no complaint with Standard Fire with regard to these items. Attached to the affidavit is a true and correct copy of the claim note I made in reference to this conversation. This claim note is a business record maintained in the ordinary course of business and accurately reflects my conversation with Donald Bell.

  6  Also attached to this affidavit are true and correct copies of claim notes made in reference to this claim. These claim notes are business records maintained in the ordinary course of business and accurately reflect information regarding the handling of this claim.

2

STATE OF GEORGIA
COUNTY OF

_____
Michael David Gibbs

STATE OF GEORGIA
COUNTY OF

I, Sue A. Logan, a Notary Public in and for said County and State, hereby certify that Michael David Gibbs, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, he voluntarily executed the same on the day of its date.

Given under my hand and seal this the 14th day of February, 2006.

Notary Public: Sue A. Logan
My commission expires: 03-14-07

```
AFO: 877                  CPCS NOTE PRINT           DATE 05/16/04
                             07/05/05               1586586 K FR
DONALD BELL                   14:33                     DCB /DG
                                                    PG  1 OF 20
```

**** 09/16/04    FILE RES INITIAL ASSIGNMENT
OFFICE: 266 ASSIGNED TO CAT1 - CATASTROPHE SUPERVISOR-A266
        IN GROUP:                      IN TERRITORY: 011
        "OFFICE ASSIGNMENT DETERMINED USING IMPACT PROFILES"

**** 09/16/04 NOT  FILE GEN NOTICE TAKER INFORMATION
OFFICE        : 249 - HOUSTON FL CLAIM - TCC
NOTICE TAKER: NCT - NATASHA TURNER
TELEPHONE   : (866) 661-9042

**** 09/16/04 D800 FILE GEN DESCRIPTION OF LOSS TAKEN BY CCC - HOUSTON
HURRICANE IVAN CAUSED DMG TO ROOF WHICH IS NOW LOOSE AT EDGES W/FLAPPING, TR
EES DOWN LAYING ON PAVILLION & GAZEBO, WATER DMG TO INTERIOR CEILINGS, WALLS,
DRAPES, HARDWOOD FLOORING, FOOD SPOIL

**** 09/16/04 C8L0 FILE GEN REMARKS NOTE TAKEN BY CCC - HOUSTON
//TRAVERO REMARKS: ***** BUILDING DAMAGE NOTES:
CAT CODE 36. EXPLAINED CLAIM PROCESS. CALLER STATES THAT POSSIBLY DMG TO BARN
, POWER HAS BEEN OUT SINCE LAST NIGHT. & STORM STILL GOING ON POSSIBLY MORE D
MG TO COME/2ND STORY BAS MOST DMG.

**** 09/16/04 SYS  001  GEN ISO CLAIMSEARCH SUBMISSION
CLAIM INFORMATION SENT TO ISO FOR: INITIAL CLAIMSEARCH REPORT

**** 09/16/04 SYS  001  GEN ISO NO MATCH REPORT
NO ISO CLAIM SEARCH MATCHES WERE FOUND

**** 09/16/04 T800 FILE GEN WORKBLOCK/MITIGATION CHECKLIST(S) INFO TAKEN BY
--------------------------------------------------------------
Information Discussed with the Insured:
- Advised Insured the claim handler will investigate the claim, review cove
rage, and discuss the handling of the claim.
--------------------------------------------------------------
Windstorm/Hail Mitigation:
- Protect your property from any further damage. If temporary repairs are
needed, contact a contractor.
- The claim handler will evaluate the reimbursement of any emergency expens
es. We are not committing to coverage or reimbursement of emergency expens
es.
--------------------------------------------------------------
Trees Mitigation:
- Protect your property from any further damage.
- Complete temporary repairs such as covering up holes in the roof with a t
arp and boarding up broken windows.
- If a tree or limbs are on the building make arrangements to have the tree

05 186 14 33 JA

JUL 08 2005 15:58 FR TRAVELERS PERS LINES 858 277 8908 TO 13258798445    P.03/22
SF_0036